[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11295
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2010
JOHN LEY
CLERK

Agency No. A095-230-173


GUSTAVO MACEDONIO LOPEZ LAVERDE,
LUZ MARINA LOPEZ MURCIA,
WENDY NATHALY LOPEZ LOPEZ,
YANGO RICARDO LOPEZ,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 14, 2010)

Before BLACK, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Gustavo Macedonio Lopez Laverde seeks review of the Board of Immigration Appeals' decision affirming the Immigration Judge's order denying his application for asylum and application for withholding of removal under the Immigration and Nationality Act.[1]  Lopez contends that when his case was reopened, he presented new evidence refuting the BIA's and IJ's original adverse credibility determination, which he argues is not supported by cogent, specific reasons.  He also contends that the new evidence he provided proves that he had a well-founded fear of persecution.

## I.

Lopez, a native and citizen of Colombia, legally entered the United States in 2001 as a nonimmigrant visitor.  After being charged with remaining in the United States for longer than permitted, Lopez  sought asylum, withholding of removal, and relief under United Nations Convention Against Torture.  In his asylum application Lopez states he was a member of the Liberal Party and that he had been persecuted by the Revolutionary Armed Forces of Colombia (FARC).  In support of his application he submitted various letters from his family and community members stating that he had been targeted by the FARC.

---

[1]Lopez's asylum application also sought derivative relief for his wife, Luz Marina Lopez Murcia, and daughter, Wendy Nathaly Lopez Lopez, both of whom are listed as petitioners in this appeal.  Also listed as a petitioner is Lopez's adult son, Yango Ricardo Lopez, who filed a separate application for asylum, but later elected to consolidate his case with his father's.

In 2005 the IJ denied Lopez's application for asylum, withholding of removal, and relief under the CAT.[2] The IJ found that Lopez's testimony, asylum application, and other evidence failed to establish past persecution or a well-founded fear of persecution based on a statutorily-protected ground. Specifically, the IJ concluded that Lopez's testimony was not credible because of inadequately explained discrepancies between his testimony, his asylum application, and the documents he provided. The BIA affirmed the IJ's decision denying Lopez's application.

In 2007 Lopez filed a motion to reopen his case based on new evidence consisting of a copy of a death certificate for his brother-in-law's "violent" murder and a copy of an unverified letter from the FARC claiming responsibility for that murder and threatening Lopez and his family. The BIA reopened Lopez's case and remanded it to the IJ for him to consider the new evidence. After considering it, the IJ again denied Lopez's application because the new evidence did not rebut the IJ's previous adverse credibility determination, and Lopez did not otherwise

---

[2]The IJ dismissed the CAT claim because it does not extend to entities, such as FARC, that the government is unable to control. In his appeal to the BIA Lopez did not challenge the IJ's denial of his eligibility for CAT relief. As a result, he did not exhaust his administrative remedies relating to that claim and we lack jurisdiction to consider it. See Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006).

establish that he was entitled to relief. The BIA affirmed. Lopez filed this petition for review.

"Where the BIA issues a decision, we review that decision, except to the extent that it expressly adopts the IJ's opinion." Chen v. United States Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Id. Here, the BIA followed the IJ's reasoning. Accordingly, we review the decisions of the BIA and the IJ. *Id.*

We review the factual findings under a "highly deferential" substantial evidence test whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001) (quoting Lorisme v. INS, 129 F.3d 1441, 1444–45 (11th Cir. 1997)). Put another way, we will reverse the BIA and IJ only upon finding that the record compels reversal. See Fahim v. United States Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002).

To establish eligibility for asylum, an applicant "must, with specific and credible evidence, establish (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of a statutorily-protected

4

ground." Chen, 463 F.3d at 1231 (11th Cir. 2006) (emphasis added). If the IJ determines that the applicant is not credible, the IJ "must offer specific, cogent reasons for the finding." Id. If the IJ makes an adverse credibility determination, "[t]he burden then shifts to the [applicant] to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. (quoting Forgue v. United States Att'y Gen., 401 F.3d 1282 (11th Cir. 2005)).

## III.

In this case, the BIA and IJ provided specific, cogent reasons for the adverse credibility determination. These included (1) conflicting stories from Lopez and his mother about whether a person tried to escape on foot or by motorcycle after an alleged FARC attack against Lopez, thus casting doubt on Lopez's veracity, and (2) a letter submitted by Lopez from his neighbor in Colombia stating that Lopez was being targeted because he would not financially support the FARC, contradicting Lopez's claim that the FARC never sought money from him. Because the BIA and IJ made an explicit adverse credibility determination, the burden shifts to Lopez to show that the finding was not supported by specific, cogent reasons or was not based on substantial evidence. Lopez has failed to meet this burden. The new evidence he submitted does not relate to the discrepancies

5

relied upon by the BIA and IJ in making the adverse credibility determination. Even if his brother-in-law was targeted and killed by the FARC—something that is not proven by the death certificate—that would not explain why Lopez and his mother have differing accounts of the alleged FARC attack against Lopez or why his neighbor claimed that the FARC sought financial assistance from Lopez. And even if the letter claiming responsibility for the brother-in-law's death and threatening Lopez had been verified, it would not reconcile the inconsistencies. The record as a whole reveals that the BIA's and IJ's determination was based on substantial evidence. Thus, the record viewed in the light most favorable to the agency and with all reasonable inferences in its favor does not compel us to grant the petition. See Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

Additionally the record, including the new evidence, does not compel us to conclude that Lopez qualifies for asylum because of a well-found fear of persecution based on a statutorily-protected ground. Lopez must demonstrate that the fear "is both subjectively genuine and objectively reasonable." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). "The subjective component can be proved 'by the applicant's credible testimony that he or she genuinely fears persecution,' while the objective component 'can be fulfilled either by establishing past persecution or that he or she has a good reason to fear

future persecution.'" Id. (quoting Al Najjar, 257 F.3d at 1289). Even assuming that Lopez's fears are credible and genuine, the record does not compel us to reverse the reasonable finding of the BIA and IJ that the fear of persecution stemmed more from general violence directed at the populace instead of from a statutorily-protected ground. The new evidence that the FARC is allegedly targeting Lopez, and evidence of his brother-in-law's violent death, is consistent with Lopez's neighbor's letter stating the FARC is persecuting Lopez failing to cooperate financially, which is not a statutorily-protected ground. Id. at 1258 ("[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas . . . does not constitute evidence of persecution based on a statutorily protected ground.").

Because Lopez did not meet the standard of proof for asylum relief he cannot meet the higher standard for eligibility for withholding of removal. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1232–33 (11th Cir. 2005) (explaining that standard for withholding of removal is more stringent than the standard for asylum relief).

**PETITION DENIED.**